IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HALLIE L. SMITH, living trust, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1222-SMY |
| | ) |
| NEW DIRECTION, LLC, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Hallie Smith initially filed this action *pro se* against her then landlord New Direction, LLC, claiming breach of trust, breach of contract, unjust enrichment, and violation of U.C.C. provisions. Following threshold review under 28 U.S.C. § 1915, her Complaint was dismissed without prejudice on May 21, 2024, and she was given an opportunity to file an amended complaint within 30 days (Doc. 5).

On July 1, 2024, the Court ordered the case to be dismissed with prejudice because at that time, Plaintiff had not filed an amended complaint (Doc. 9). However, Plaintiff's Amended Complaint was filed that same day. Accordingly, the Court **VACATES** its July 1, 2024 Order dismissing the case.

Now before the Court is Smith's Amended Complaint (Doc. 10), in which she reasserts the same claims against New Direction, LLC, and additionally names a St. Clair County, Illinois judge and FCB Bank as Defendants.[1] Smith has previously demonstrated that she is indigent under 28 U.S.C. § 1915. However, pursuant to that statute, the Court may dismiss a case if it determines the action is

---

[1] Smith requests that the Court seal the documents that appear to be claims she filed against the judicial officer. (Doc. 10, pp. 10–23) because "IT CONTAINS PRIVATE INFORMATION OF A PRIVATE TRUST". "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Because Smith provides no such justification, the Court declines to seal the documents.

clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense"). Smith's Amended Complaint suffers from the same deficiencies as her original complaint.

Smith again asserts a breach of contract claim against New Direction. As such, she must establish that the Court has subject matter jurisdiction through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Smith's breach of contract claim does not present a federal question, and she does not allege diversity jurisdiction.[2] While Smith asserts that Defendants violated her "rights" by referencing the U.S. Constitution, the Illinois State Constitution, and the Gospel of Mathew, her Amended Complaint does not include any factual allegations suggesting state action by the named defendants; a requirement for these and other federal constitutional protections. *See*, *United States v. Price* 383 U.S. 787, 799 (1966) ("'The Fourteenth Amendment protects the individual against state action, not against wrongs done by individuals.'").

---

[2] As previously indicated, New Direction LLC is a limited liability company, the citizenship of which is determined by each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Smith again fails to identify the citizenship of New Direction LLC, nor did she identify the citizenship of the individual defendant and FCB Bank. Smith mentions New Direction is incorporated under Missouri law and has its principal place of business in Illinois. These factors are relevant for a corporation, not an LLC. Even if the entity details were correctly stated, there is no diversity jurisdiction, as Smith is a citizen of Missouri. *Big Shoulders Capital LLC v. San Luis & Rio Grande R.R., Inc.*, 13 F.4th 560, 571 (7th Cir. 2021).

At this juncture, it is clear that any additional attempts by Smith to state a viable claim would be futile.  Accordingly, her Amended Complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

**DATED:  July 3, 2024**

                                              **STACI M. YANDLE**
                                              **United States District Judge**